# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

JASON COLLYMORE,

      vs.                                                                    CR No. 09-160-ML

UNITED STATES OF AMERICA


## MEMORANDUM AND ORDER

Petitioner Jason Collymore ("Petitioner" or "Collymore"),  proceeding *pro se*,  has filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. #103) ("Motion").   The Government has filed a response in opposition (Doc. #104) ("Opposition"), to which Collymore filed a "Traverse" (Doc. #105) ("Reply").   No hearing is necessary.

## FACTUAL BACKGROUND AND TRAVEL

On June 21, 2011, Collymore pled guilty to one count of manufacturing marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D) (Count III),  and one count of possessing a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count IV).[1]   He was sentenced on October 4, 2011, to 144 months incarceration, consecutive terms of 60 months for Count III and 84 months for Count IV.   In addition, he received 3 years and 5 years of supervised release on Counts III and IV, respectively, to run concurrently.   Judgment entered on October 11, 2011. Collymore did not appeal his conviction or sentence.

---

[1] Pursuant to the Plea Agreement (Doc. #88), the Government agreed to dismiss Counts I and II of the Superceding Indictment.

Collymore filed the instant Motion on June 17, 2014.[2]

## DISCUSSION

I.      Section 2255 and AEDPA

Generally, the grounds justifying relief under 20 U.S.C. § 2255 are limited.   A court may grant such

relief only if it finds a lack of jurisdiction, a constitutional error, or a fundamental error of law.   See United

States v. Addonizio, 442 U.S. 178, 185 (1979)("[A]n error of law does not provide a basis for collateral attack

unless the claimed constituted a fundamental defect which inherently results in a complete miscarriage of

justice.")(internal quotation marks omitted).

Section 2255 states that:

(a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).      In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty

Act ("AEDPA"), which "imposed significant new constraints on proceedings under section 2255."

Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008)(footnote omitted).   "Some of these

constraints were temporal; for example, AEDPA established a one-year statute of limitations for filing

a section 2255 petition."   Id. (citing 28 U.S.C. § 2255(f)).   Others were numerical, requiring a

petitioner to obtain preclearance from the circuit court before filing a second or successive petition.

---

[2] The Motion, received by the Court on June 24, 2014, was mailed on June 17, 2014, and is deemed filed on that date.   See Houston v. Lack, 487 U.S. 266, 276 (1988).

Id. (citing 28 U.S. § 2255(h)).


II.     Analysis

Collymore argues that his sentence was imposed in violation of the rule of Apprendi v. New

Jersey, 530 U.S. 466 (2000), as extended by Alleyne v. United States, __ U.S. __, 133 S.Ct. 2151 (2013).

Motion at 4.

> Petitioner contends under the Rule of Apprendi as extended by Alleyne, the sentence was
> imposed in violation [of] the Sixth Amendment.  He contends that because any fact, by
> law, that increases the prescribe[d] sentencing range for the offense of conviction is an
> ingredient of the offense, Alleyne requires a jury, rather than the court, find those facts.
> Contrary to the judgment of this Court, the Sixth Amendment commands this court vacate
> the judgment and set the matter for resentencing consistent with the Rule of Apprendi as
> extended by Alleyne.

Id. at 5; see also id. at 4 ("As the case proceeded to sentencing, the court found additional facts necessary to

trigger a sentence in excess of the facts admitted by Petitioner, or submitted to a jury and proved beyond a

reasonable doubt.")(citation omitted).   He asserts that his Motion is timely, as it was placed in the

institutional mailbox within the time limits prescribed by the AEDPA .   Id. at 13.[3]  Petitioner  asks that

his sentence be vacated and that he be resentenced, id. at 5, 14, or, alternatively, that the case be held in

abeyance "pending the determination of retroactivity," id. at 14.

The subsection of § 2255 on which Petitioner relies provides in relevant part:

> (f) A 1-year period of limitation shall apply to a motion under this section.   The limitation
> period shall run from the latest of- -
>
>     ...
>
>     (3) the date on which the right asserted was initially recognized by the Supreme
>     Court, if that right has been newly recognized by the Supreme Court and made
>     retroactively applicable to cases on collateral review; or

---

[3] See n.2.

....

28 U.S.C. (f)(3).[4]

_____

[4] Section 2255(f) provides in full:

(f) A 1-year period of limitation shall apply to a motion under this section.   The limitation period shall run from the latest of- -

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented form making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f)(3).

The Government responds that: (1) <u>Alleyne</u> is not retroactive and; and (2) <u>Allyene</u> is inapplicable to Collymore's case because the career offender guidelines under which he was sentenced do not implicate a statutory mandatory minimum sentence.   Opposition at 1.

The Court begins with the timeliness issue.   As noted previously, Collymore was sentenced on October 4, 2011, and Judgment entered on October ll, 2011.   <u>Alleyne</u> was decided on June 17, 2013. Collymore filed the instant Motion on June 17, 2014, within a year of the <u>Alleyne</u> decision but more than two years after his conviction became final.   Therefore, the Motion is timely only if <u>Alleyne</u> is applicable to his case.

Collymore, relying on <u>Dodd v. United States</u>, 545 U.S. 353 (2005), argues that the Motion is timely under § 2255(f)(3).   Reply at 2-3.   Collymore misinterprets <u>Dodd</u>.

In <u>Dodd</u>, the issue before the Court was "whether the date from which the limitation period begins to run under ¶ 6(3)[5] is the date on which this Court 'initially recognized' the  right asserted in an applicant's § 2255 motion, or whether, instead, it is the date on which the right is 'made retroactiv[e].'"  545 U.S. at 354-55 (alteration in original)(footnote added).   That is not the issue here.   Collymore contends that the Supreme Court found the date by which an applicant must file a § 2255 motion is one year from the date on which the right asserted was initially recognized by the Supreme Court.   Reply at 2.   He interprets the Court's statement to mean that  ¶ (f)(3) "identifies one date, and without any additional conditions, gives Collymore 1-year to apply to this court for relief based on the Supreme Court's newly recognized right in Alleyne."  <u>Id.</u>   He rejects the Government's interpretation of the statute to include three prerequisites that must be satisfied before the limitations period begins.   <u>Id.</u>

<u>Dodd</u>'s language clearly supports the Government's interpretation of ¶ (f)(3).   The Supreme Court, quoting the paragraph in full, stated that ¶ (f)(3) gives § 2255 applicants "one year from 'the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly

---

[5] The Supreme Court's use of "¶ 6(3)" refers to subparagraph (f)(3).

recognized by the Supreme Court and made retroactively applicable to cases on collateral review.'" <u>Dodd</u>, 545 U.S. at 357 (quoting 28 U.S.C. § 2255(f)(3)).   The Court explained that "¶ (6)(3)'s date–'the date on which the right asserted was initially recognized by the Supreme Court'--does not apply at all if the conditions in the second clause–the right 'has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review'–have not been satisfied." <u>Id.</u> at 358.   The Court continued:

> Thus, if this Court decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from this Court's decision within which to file his § 2255 motion.   He may take advantage of the date in the first clause of ¶ (6)(3) only if the conditions in the second clause are met.

<u>Id.</u> at 358-59; <u>see also</u> <u>Butterworth v. United States</u>, 775 F.3d 459, 464 (1st Cir. 2015)("Since [the defendant] filed his motion well within one year of <u>Alleyne</u>, his motion is timely if <u>Alleyne</u> triggered a new one-year limitations period for cases on collateral review.   In order to show this, [he] needs to establish that <u>Alleyne</u>: (1) recognized a new right that is (2) 'retroactively applicable' on collateral review.").

Turning to the second clause of   ¶ (f)(3), the Government correctly argues that <u>Alleyne</u> is not retroactive.   Opposition at 3-4.   In <u>Butterworth</u>, the Court of Appeals for the First Circuit held that the rule announced in <u>Alleyne</u> does not apply retroactively to sentences challenged on an initial petition for collateral review.   775 F.3d at 461.   The circuit court relied on the analysis it had used in <u>Sepulveda v United States</u>, 330 F.3d 55 (1st Cir. 2003),   in determining that <u>Apprendi</u> was not retroactive. <u>Butterworth</u>, 775 F.3d at 465-67.   There, the court recognized that "[t]he Supreme Court's decision in <u>Teague</u> constitutes a general bar to the retroactive application of newly announced rules of criminal procedure,"   <u>Sepulveda</u>, 330 F.3d at 59, to criminal cases on collateral review which have become final before the new rule is announced, <u>Teague v. Lane</u>, 489 U.S. 288,   310-11 (1989).   There are two exceptions to the <u>Teague</u> bar: "decisions that narrow the scope of a criminal statute by interpreting its terms as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish."   <u>Schriro v. Summerlin</u>, 542 U.S. 348, 351-52 (2004)(internal citations

omitted).   These substantive rules "apply retroactively because they necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him." <u>Id.</u> at 352 (internal quotation marks omitted).

> New rules of procedure, on the other hand, generally do not apply retroactively.   They do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise.   Because of the more speculative connection to innocence, we give retroactive effect to only a small set of watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. That a new procedural rule is fundamental in some abstract sense is not enough; the rule must be one without which the likelihood of an accurate conviction is *seriously* diminished.

<u>Id.</u> (internal quotation marks omitted).   The Supreme Court noted that "this class of rules is extremely narrow ...."   In short, "[a] rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes."   <u>Id.</u> at 353.   "In contrast, rules that regulate only the *manner of determining* the defendant's culpability are procedural."   <u>Id.</u>; <u>see also id.</u> ("Rules that allocate decisionmaking authority in this fashion are prototypical procedural rules.").

The First Circuit had no difficulty in finding <u>Apprendi</u> to be a procedural, not substantive, rule. <u>See</u> <u>Sepulveda</u>, 330 F.3d. at 63 ("We hold, without serious question, that <u>Apprendi</u> prescribes a new rule of criminal procedure, and that <u>Teague</u> does not permit inferior federal courts to apply the <u>Apprendi</u> rule retroactively to cases on collateral review."); <u>id.</u> at 62 ("The <u>Apprendi</u> decision is about criminal procedure, pure and simple.").   Similarly, the court concluded that <u>Alleyne</u> was not retroactively applicable to sentences on collateral review on initial habeas petitions.   <u>Butterworth</u>, 775 F.3d at 467 ("Unable to discern any difference between statutory maximums and mandatory minimums that is material for a retroactivity determination ..., we decline to depart from our analysis in <u>Sepulveda</u>.").   The Court rejects Collymore's request that the case be held in abeyance "pending the determination of retroactivity," Petition at 14, as the First Circuit has already made that determination.

The Government further argues that <u>Alleyne</u> does not apply to judge-found facts affecting the

sentencing guidelines.  Id. at 4-6.  Specifically, citing Alleyne, the Government states that "Alleyne extended the rule of Apprendi to facts, other than the fact of a prior conviction, which increase the mandatory minimum sentence.  That is, the Court held that any fact which increases the mandatory minimum sentence must be submitted to a jury."  Id. at 4-5 (internal citation omitted).  Therefore, the Government contends, there is no basis for setting aside Petitioner's sentence under Alleyne.  Id. at 6.

The Government's interpretation of Alleyne is consistent with the Supreme Court's holdings in Apprendi and Alleyne.  In Apprendi, the Supreme Court addressed the question of "whether the Due Process clause of the Fourteenth Amendment requires that a factual determination authorizing an increase in the maximum prison sentence for an offense from 10 to 20 years be made by a jury on the basis of proof beyond a reasonable doubt."  530 U.S. at 469.  The Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Id. at 489; see also Sepulveda, 330 F.3d at 58 (quoting Apprendi).  Alleyne extended the Supreme Court's reasoning in Apprendi to mandatory minimum sentences.  Alleyne, 133 S.Ct. at 2160 ("the principle applied in Apprendi applies with equal force to facts increasing the mandatory minimum); id. at 2163 (noting that "there is no basis in principle or logic to distinguish facts that raise the maximum from those that increase the minimum ...").  The Alleyne Court, however, was careful to note what its holding did not entail: "Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury.  We have long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment."  Id. at 2163; see also United States v. Ramirez-Negron, 751 F.3d 42, 48 (1st Cir. 2014)("In other words, factual findings made for purposes of applying the Guidelines, which influence the sentencing judge's discretion in imposing an advisory Guidelines sentence and do not result in an imposition of a mandatory minimum sentence, do not violate the rule in Alleyne.").

Here, the relevant factual finding made for purposes of applying the guidelines was that Petitioner's

prior convictions rendered him a career criminal.   Although Petitioner disputes that he was sentenced as a career criminal under the guidelines, Reply at 5, the relevant documents indicate otherwise.   The Plea Agreement (ECF No. 88), Presentence Investigation Report (ECF No. 93) ("PSI"), and transcript of the sentencing hearing (ECF No. 101) ("Tr.") all recognize Petitioner's status as a career offender under the guidelines.   The Plea Agreement states that "Defendant understands that the government believes that he is a career offender under U.S.S.G. §4B1.1."   Plea Agreement ¶ 1.d.   The PSI reiterates that statement in its explanation of the Plea Agreement.   PSI ¶ 8.   The PSI further states that:

> According to §4B1.1, the defendant is a career offender if (1) he was at least 18 years at the time he committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.   Mr. Collymore satisfied each criteria ....

Id. ¶ 24; see also id. § 60.

Turning to the transcript of the October 4, 2011, sentencing hearing, the Court began by stating that the probation officer had "determined that the Defendant qualifies as a career offender and that, by virtue of that qualification, his guideline range is 360 months to life."   Tr. at 2 (citing PSI).   The Court further noted that defense counsel had raised an objection to the PSI.   Id.   The objection, however, was not to the career offender designation.   In fact, counsel agreed that Petitioner qualified as a career offender.   Id. at 9-11. Petitioner implies that because the Court's "oral pronouncement of sentence" did not include any reference to his being a career offender, he was not sentenced as such.   Reply at 5.   He overlooks the Court's statement at the outset of the hearing, Tr. at 2, as well as its reference to his guidelines shortly before sentencing him, Tr. at 10.   Clearly the guidelines informed the Court's determination of an appropriate sentence.

After finding that Collymore had accepted responsibility, the Court adjusted Petitioner's guideline range to 292 to 365 months of incarceration.   Id. at 5.   The Court then sentenced Petitioner to a total of 144 months imprisonment, consecutive terms of 60 months as to Count III and 84 months as to Count IV.   Id. at

17; see also Judgment (ECF No. 97) at 2. This sentence fell below the career offender guideline range and the statutory maximum sentence and above the mandatory minimum sentence.[6]   Opposition at 6.   The sentence was also below that recommended by the Government pursuant to the Plea Agreement.   Tr. at 9, 16; Plea Agreement ¶ 2.b.

In essence, Petitioner's argument is that, because his sentence, with reference to Count IV, of 7 years was above the statutory minimum of 5 years, the Court engaged in judicial fact-finding in violation of the rule of Apprendi and Alleyne.   Reply at 4-5.   He is mistaken.   The Court of Appeals for the First Circuit rejected a virtually identical argument in Ramirez-Negron.   In that case, involving judicial determination of drug quantities, the First Circuit stated that "[t]he fact that Ramirez's sentence falls above the 10-year mandatory minimum is insufficient to establish that the mandatory minimum governed or that an Alleyne error occurred."   Ramirez-Negron, 751 F.3d at 51.   Rather, the court found that both Ramirez's and his co-defendant's sentences were based only on the guidelines and were not altered by any judicial factfinding.   Id. at 50-51.   The legally prescribed sentencing range did not change.   Id. at 50.   Thus, there was no violation of Alleyne.   See id. at 49 ("No Alleyne error occurs when a defendant's sentence is based entirely on Guidelines considerations without changing the applicable mandatory minimum.").   The same is true here.

---

[6] For Count III, Petitioner faced a statutory maximum sentence of 5 years (60 months) imprisonment, with no statutory minimum, and for Count IV a statutory minimum term of 5 years, with a maximum punishment of life in prison.   Plea Agreement ¶ 6; PSI at 1.

CONCLUSION

The Court concludes that the Petition is untimely under 28 U.S.C. § 2255(f)(3), because

Alleyne is not retroactively applicable.    In addition, as he was sentenced as a career offender, Alleyne

does not apply in this case.    Accordingly, the Petition is DENIED and DISMISSED.

RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings in the United States

District Courts (§ 2255 Rules), this Court hereby finds that this case is not appropriate for the issuance

of a certificate of appealability (COA), because Collymore has failed to make a substantial showing of

the denial of a constitutional right as to any claim, as required by 28 U.S.C. §2253(c)(2).

Collymore is advised that any motion to reconsider this ruling will not extend the time to file a

notice of appeal in this matter.   See    § 2255 Rule 11(a).


SO   ORDERED:

/s/ Mary M. Lisi_____
Mary M. Lisi
United States District Judge

Date: December 7, 2015