UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA        :
                                :
v.                              :   CR No. 09-00160-WES
                                :   CR No. 21-00073-WES
JASON COLLYMORE                 :

**MEMORANDUM AND ORDER**

Defendant was sentenced as a career offender in 2011. He completed his sentence and commenced a term of supervised release on July 7, 2020. He entered the HOPE Court Program on September 3, 2020, and his last session was May 13, 2021. On June 24, 2021, he failed to appear for both a mental health treatment appointment and a scheduled HOPE Court session. He had also failed to attend his scheduled MRT appointments on June 8 and 22, 2021. His Probation Officer contacted him by phone on June 25, 2021 to discuss the situation. That telephone conversation has resulted in a new felony indictment against Defendant for threatening a federal official while engaged in the performance of official duties as well as a supervised release violation charge. Approximately five minutes of that conversation were recorded and have been reviewed multiple times by the Court. Defendant is also charged with violating his supervised release conditions by failing to attend mental health and MRT appointments as noted above and for leaving the District of Rhode Island without permission as evidenced by his arrest in Massachusetts.

The Court has held two bail hearings since Defendant's arrest and has asked Probation to investigate two proposed release plans. Defendant initially proposed residing with his mother in Massachusetts and then dropped that and proposed returning to an apartment with his girlfriend in Rhode Island. Both plans raised legitimate concerns with Probation. The Court also explored a

potential release plan involving the Open Doors residential program that was rejected by Defendant.

The present issue before the Court is whether or not Defendant should be released on conditions as these charges play out. The Government argues that Defendant poses a danger and should remain detained. Defendant counters that he should be released because the comments underlying the threat charge were not intended to, and did not, threaten violence. As a charged violator of supervised release, Defendant bears the high burden of establishing by "clear and convincing evidence" that he "will not flee or pose a danger to any other person or to the community". Rule 32.1(a)(6), Fed. Rules of Crim. Proc.; 18 U.S.C. § 3143(a)(1). After a thorough review of the totality of the circumstances, the Court finds that Defendant has not met his high burden as to release and that he should remain detained at this time as he presents a danger to another person and the community in general.

Although Defendant has a significant and lengthy criminal history as a career offender notable for the involvement of firearms and some instances of charged violence, the Court chooses to focus on Defendant's more recent history since his release and the path that ultimately resulted in the phone conversation in issue. It appears that Defendant did well for a period and was working, in a relationship and participating in HOPE Court. However, at some point things began to deteriorate and that deterioration escalated last month. For instance, in addition to effectively dropping out of HOPE Court and his treatment programs, Defendant recently quit both his job and a program to obtain a CDL license. He reportedly was no longer residing with his girlfriend. Both his girlfriend and his mother reported concerns about Defendant's mental health and a sincere desire that he receive help. Moreover, during the conversation in issue, Defendant himself stated: "I can't sleep. All I do is think all day long. Think about this. I haven't slept in a week mother

f\*\*\*er.  Not a week.  I'm f\*\*\*ed up.  I am f\*\*\*ed up."  When his Probation Officer suggested he speak to his counsellor about the sleep issues, Defendant stated: "I don't need to talk to [her].  I'm going to wash your punk ass the f\*\*\* up, mother f\*\*\*ker."  He uses the term "wash" in a similar way multiple times during the conversation.  The Government argues that the term has a street meaning of violence and bases its position in part on a reference to the "Urban Dictionary" Internet site.  When the Court searched the term on that site, the first definition identified from the search was "to beat someone up or win a fight over another."

The Court has listened to the recording of the conversation repeatedly and with an open mind to determine if Defendant's words could reasonably be interpreted as other than threatening as suggested by Defendant's counsel.  Although some individual lines may be open for alternate interpretations in a vacuum, the totality of the comments, how they are delivered by Defendant, the repeated use of the term "wash," and the repeated reference to the Probation Officer being "done," all clearly lead to the conclusion that Defendant did threaten his Probation Officer with violence and intended to do so.  At one point, Defendant states unequivocally: "It's a whole gang coming at you, don't worry about it.  You're done [Probation Officer], I'm going to wash you up, I promise you."

In assessing dangerousness, the Court is faced with Defendant's deteriorating behavior and likely mental health concerns, and his overtly threatening behavior towards a Probation Officer in the performance of his duties.  Although Defendant would likely benefit from more intensive mental health evaluation and treatment in the community, the Court has serious concerns about whether Defendant would participate in good faith if released and whether he could be effectively supervised by Probation in the interim period.  Before his arrest, he had stopped going to his treatment appointments and refused to comply with his Probation Officer's instructions to attend

-4-

treatment.  After expressing concerns about his lack of sleep to his Probation Officer during the June 25, 2021 phone conversation, he made it clear that he did not need to talk to his counsellor when it was suggested.  As stated previously, Defendant bears the high burden as a charged violator of post-conviction supervised release conditions of convincing the Court by clear and convincing evidence that he does not pose a danger to any other person or the community.  By his own words and actions, Defendant has not met that burden at this time and the Court ORDERS that he remained detained pending further proceedings in both of these pending criminal matters.

 /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
July 23, 2021